IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ETRAILER CORPORATION,<br><br>                 Plaintiff,<br><br>vs.<br><br>AUTOMATIC EQUIPMENT MFG,<br>CO. d/b/a BLUE OX,<br><br>                 Defendant. | 8:18-CV-351<br><br>MEMORANDUM AND ORDER |

      The plaintiff alleges claims of copyright infringement pursuant to 17 U.S.C. § 501 et seq., and removal of copyright management information pursuant to 17 U.S.C. § 1202. The defendant moves for dismissal of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court will grant the defendant's motion.

## I. STANDARD OF REVIEW

      To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

      A complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id.* at 679.

In assessing a motion to dismiss, a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id.* at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the allegations in the complaint, not the sufficiency of the evidence alleged in support of those allegations. *Stamm v. Cty. of Cheyenne, Ne.*, 326 F. Supp. 3d 832, 847 (2018); *Harrington v. Hall Cty Bd. of Supervisors*, No. 4:15-CV-3052, 2016 WL 1274534, at *4 (D. Neb. Mar. 31, 2016).

## II. BACKGROUND

The plaintiff describes itself as the leading online vendor of motor vehicle accessories. Filing 1 at 1. The defendant is a manufacturer of towing supplies, and according to the plaintiff, has supplied such goods to the plaintiff in the past. Filing 1 at 1. To facilitate online purchases of its retail products, the plaintiff created photographs and videos of its products and posted this content on its website. Filing 1 at 2. The plaintiff also obtained copyright registrations for several, but not all, of the photographs and videos. Filing 1 at 3. The plaintiff characterizes these photographs (but not the videos) as its "works" and asserts that it is the "sole legal owner of a multitude of works." Filing 1 at

3. The plaintiff alleges that it invested significant time and money in creating its works, and took steps to ensure that the plaintiff's name and logo were prominently displayed in each such work. Filing 1 at 3.

The plaintiff alleges that without license, permission or authorization, the defendant copied, modified and displayed the plaintiff's works on the defendant's website, as well as in the defendant's catalogs and perhaps with its packaging. Filing 1 at 4. The plaintiff asserts that the defendant's conduct in this regard in an infringement of its protectable copyright interests. Filing 1 at 6. The plaintiff also alleges that the defendant's infringement is intentional. In 2015, the defendant's representative contacted the plaintiff's representative and asked for permission to use the plaintiff's photographs. The defendant's request was specifically denied. Filing 1 at 5. Notwithstanding the denial, the defendant incorporated the images the plaintiff created of the defendant's products into its website and catalog. Filing 1 at 4.

## III. DISCUSSION

### 1. COPYRIGHT INFRINGEMENT

To plead a cause of action for copyright infringement, (1) the plaintiff must show that it owns a valid copyright, and (2) that the defendant "copied constituent elements of the work that are original" to the plaintiff. *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1262 (10th Cir. 2008). The allegation that the plaintiff obtained a copyright registration for some of its works is sufficient to give rise to the presumption of a valid copyright and a presupposition that the work contains a degree of originality. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991); *Meshwerks*, 528 F.3d at 1262; 17 U.S.C. § 410(c).

However, the plaintiff was still required to plead facts showing the defendant copied constituent elements of the work that are original to the

plaintiff. In this regard, the plaintiff's allegations are, at best, conclusory and merely parrot the elements of the cause of action for copyright infringement. The plaintiff alleged that its works are original, creative works in which the plaintiff owns a protectable copyright interest. But the complaint does not identify any facts describing what is original about its photographs, or facts describing the creative elements that went into the composition of the photographs.

For example, a photographer's claim that his photographs of mirrored picture frames were copyrightable was supported by evidence showing the photographer's creative decisions regarding staging, selection of a unique lighting design, and positioning of the mirrors to not reflect the surroundings, as well as selection of the camera, lenses, and film type. *See, SHL Imaging, Inc. v. Artisan House, Inc.,* 117 F. Supp. 2d 301, 303-04, 311 (S.D.N.Y. 2000).

Here, the plaintiff (etrailer) did not recite any facts regarding the staging of its photographs, decisions that etrailer made regarding lighting, facts regarding the arrangement of the items in the photographs, the purpose of the background against which the towing part were set, or any other element that would owe its origin to etrailer or its employee, thereby making the work etrailer's creation—even if etrailer's degree of creativity was merely slight.

"Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist,* 499 U.S. at 345. A slight amount of creativity is all that is required, and originality does not require novelty. *Id.* Attached to the plaintiff's complaint are two exhibits showing what it contends are its works and the associated copyright registration numbers. Filing 1-1 & 1-2. The works depicted are towing parts and accessories that are stamped with logos of both the plaintiff and

defendant.[1] Nothing about the images would allow the Court to conclude that any level of creativity or originality went into the production of the photographs on the plaintiff's website.

The Court finds the plaintiff's claim to be very similar to copyright claims rejected by other courts. For example, photographs of generic Chinese food dishes used on menus were found to serve the purely utilitarian purpose of allowing customers to understand the contents of a particular dish, and therefore lacked any creative spark necessary for copyright protection. *Oriental Art Printing, Inc. v. Goldstar Printing Corp.,* 175 F. Supp.2d 542, 546-47 (S.D.N.Y. 2001). Illustrations made from photographs of transmission parts were not copyrightable because the illustrations were intended to be accurate reproductions of the photographs, and a slavish copy of a photograph is the antithesis of originality. *ATC Distribut. Grp., Inc. v. Whatever it Takes Transmission & Parts, Inc.*, 402 F.3d 700, 712 (6th Cir. 2005). Digital wire-frame computer models depicting an unadorned Toyota were neither creative nor original, and therefore not copyrightable. *Meshwerks,* 528 F.3d at 1265.

What the plaintiff describes in its complaint as its works are merely accurate photographs of towing parts that are available for purchase through the plaintiff's website. No facts have been alleged showing any degree of creativity or originality in the photographs, and the exhibits attached to the plaintiff's complaint reflect photographic images of items for sale that are not

---

[1] The defendant asserts in its brief that all of the photographs at issue are products manufactured and distributed by the defendant. The Court will not consider this representation since it is not included in the plaintiff's complaint, and at this stage, only the facts alleged in the complaint are before the Court. Still, it is obvious from the exhibits attached to the complaint that some of the products photographed and claimed to be copyrighted are products manufactured by the defendant.

5

unlike photographic images of items for sale on any of a thousand other such retail vendor websites selling a multitude of different products.

Finally, the plaintiff alleges that it invested significant time and money in creating the photographs, taking steps to ensure that its name and logo were prominently displayed. Filing 1 at 3. The plaintiff has attempted to supplement this allegation with an affidavit submitted with its responsive brief. Because this matter is before the Court on a motion to dismiss, the plaintiff's submission has not been considered.[2] But, even if the plaintiff had supported its allegation regarding the time and money invested with a factual basis, such could only be considered supportive of a "sweat of the brow" doctrine argument—a doctrine that was rejected in favor of originality in the 1976 revisions to the Copyright Act. *Feist,* 499 U.S. at 359-60. Originality is gauged by the final product, not the process, and the fact that the plaintiff invested significant time and money in the process creating the photographs does not translate directly to the copyrightability of the photographs. *Meshwerks, Inc.* 528 F.3d 1268.

---

[2] When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012). Here, the exhibits filed by the plaintiff with its brief do not concern matters that are necessarily embraced by the complaint.

The Court finds that the plaintiff did not allege facts showing that the defendant copied constituent elements of the plaintiff's photographs that are original to the plaintiff, and as such, has failed to state a claim for relief for copyright infringement.

2. REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

The plaintiff alleges that the defendant intentionally and knowingly removed the image of etrailer's name from the works, and thereby engaged in the unauthorized removal and alteration of copyright management information. Filing 1 at 7. Specifically, the plaintiff contends that the towing products listed on its website possessed the etrailer logo stamped onto the product itself, and when the defendant copied the plaintiff's photographs onto its website, the defendant removed or obscured the etrailer logo.[3] Filing 1 at 4.

Copyright management information is a feature of the Digital Millennium Copyright Act—a 1998 enactment passed to address a perceived need regarding legal sanctions for copyright owners to enforce technical measures that were adopted to prevent unauthorized reproduction of their works. *Murphy v. Millennium Radio Group LLC,* 650 F.3d 295, 300 (3rd Cir. 2011). The Act seeks to impair copyright infringement of digital works by protecting copyright management information, which is defined as information about a copyright conveyed in connection with copies of a work. *Personal*

---

[3] The plaintiff represents that exhibit B attached to the complaint (filing 1-2) is a listing of the "Works" from which the defendant supposedly removed the plaintiff's copyright management information. However, the Court observes that the plaintiff's name is actually on many of the towing parts shown in exhibit B—often together with the defendant's logo and business name.

*Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013).

Protected copyright information includes, in relevant part: the title or other information identifying the work; notice of the copyright; the name or identifying information about the work's author; information about the copyright owner; information found in the notice of copyright; any terms and conditions for use of the work; and, identifying numbers or symbols referenced in the copyright information. *See* 17 U.S.C. § 1202(c). The protections afforded copyright information include prohibition of the following: the knowing provision, distribution, or import for distribution of false copyright management information; the intentional removal or alteration of copyright management information; and, distribution, or import for distribution, of works knowing that the copyright management information has been removed. *See* 17 U.S.C. § 1202(a) & (b).

The Court does not understand how stamping the plaintiff's "etrailer" logo on a towing part could reasonably represent notice of a copyright regarding a photograph of that part used to advertise its sale on the plaintiff's website. Stamping "etrailer" on the towing part itself cannot possibly alert anyone to the fact that a photograph of that towing part appearing on the plaintiff's website has been copyrighted. Stamping "etrailer" on the towing part only indicates that etrailer is the seller of the towing part, not that etrailer is the owner of a copyright to all photographic images of every product it sells through its website. *See Personal Keepsakes* 975 F. Supp. 2d at 928.

Copyright management information is intended to inform the public that an image or work is copyrighted and thereby prevent copyright infringement. *Id.* Stamping products the plaintiff sells on its website with its logo is intended to inform the public that the plaintiff sells that particular product. That is not

8

the kind of information § 1202 was intended to protect. The Court finds that the plaintiff failed to state a claim for relief for the unauthorized removal of copyright management information.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 13) is granted.

2. The plaintiff's complaint (filing 1) is dismissed.

3. A separate judgment will be entered.

Dated this 15th day of April 2019.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge