IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ETRAILER CORPORATION, | |
| Plaintiff, | 8:18-CV-351 |
| vs. | MEMORANDUM AND ORDER |
| AUTOMATIC EQUIPMENT MRG.CO., d/b/a BLUE OX, | |
| Defendant. | |

The Court, in its Memorandum and Order of April 15, 2019, dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted. Filing 21. This matter is back before the Court on the plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b), including in the alternative, leave to amend its complaint postjudgment. Filing 24. The plaintiff's motion to alter or amend judgment will be denied in part, and granted in part.

The Court, having considered its prior Memorandum and Order, does not find that it effects a "manifest injustice" or that there are any other grounds that justify the relief requested. *See* Fed. R. Civ. P. 60(B)(1-6). In other words, the Court stands by the reasoning and conclusions of its previous memorandum and order. But the Court will allow the plaintiff to file an amended complaint.

Although postjudgment motions to amend are disfavored, this Court may not ignore the important considerations that favor affording a party the opportunity to have their claims contested on the merits. *U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 824 (2009). Having reviewed the plaintiff's proposed first amended complaint (filing 24-1), the Court finds a much more

detailed representation of the factual basis for the plaintiff's copyright infringement claim than was present in the original complaint. Accepting that the omission of the additional facts was the result of mistake, inadvertence, or excusable neglect, the Court finds that the plaintiff should be allowed to replead its claim for copyright infringement. However, still absent from the plaintiff's proposed first amended complaint are facts showing that the there was copyright management information anywhere on what the plaintiff claims is its protected work—that being photographs of the various towing parts. To repeat, stamping the plaintiff's "etrailer" logo on a towing part could not reasonably represent notice of a copyright regarding a photograph of the part used to advertise its sale. Filing 21 at 8.

IT IS ORDERED:

1. The plaintiff's motion for reconsideration (filing 24) is granted in part, as follows.

2. The plaintiff's request to alter or amend the Court's previous judgment is granted in part, and the judgment of dismissal is withdrawn.

3. The plaintiff's postjudgment request for leave to amend its complaint is granted as to its copyright infringement claim, but denied as to its copyright management information claim.

4. The Clerk of the Court is directed to reopen this case.

5.  The plaintiff shall file its amended complaint on or before July 8, 2019. The plaintiff's copyright management information claim, however, shall stand dismissed.

6.  The Clerk of the Court is directed to set an amended complaint deadline of July 8, 2019.

7.  This matter is referred to the Magistrate Judge for progression of the plaintiff's copyright infringement claim.

Dated this 1st day of July, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge